# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**HUGH ROGER DALE GREEN**                                                                              **PETITIONER**

**v.**                            **No. 3:13CV57-NBB-DAS**

**STATE OF MISSISSIPPI, ET AL.**                                                         **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Hugh Roger Dale Green for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition; Green has not replied, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Hugh Roger Dale Green is in the custody of the Mississippi Department of Corrections and is currently housed at the East Mississippi Correctional Facility in Meridian, Mississippi. He was convicted in the Circuit Court of Tippah County, Mississippi, on two counts of sexual battery and two counts of touching a child for lustful purposes. State Court Record ("SCR"), Vol. 1, pp. 70-73. Green was sentenced to serve a term of life on each count of sexual battery and a term of fifteen years on each count of touching a child for lustful purposes, all to be served consecutively in the custody of the Mississippi Department of Corrections. SCR, Vol. 1, pp. 74-75.

Green appealed his convictions to the Mississippi Supreme Court, raising the following grounds for relief (as stated by Green through counsel):

    Issue One:     Was extrinsic evidence of prior alleged misconduct more prejudicial than probative under M.R.E. 403 and 404(b)?

    Issue Two:     Was the tender-years exception of Miss.R.Evid. 803(25) properly applied?

Issue Three: Whether the trial court wrongfully excluded the defense evidence?

Issue Four: Was the verdict contrary to the weight of the evidence?

The Mississippi Supreme Court affirmed Green's convictions. *Green v. State*, 89 So.3d 543 (Miss. 2012) (Cause No. 2009-KA-01373-SCT).

Green then sought permission from the Mississippi Supreme Court to seek post-conviction collateral relief in the trial court, raising the following grounds for relief (as stated by Green *pro se*):

1. Was extrinsic evidence of prior alleged misconduct more prejudicial than probative under M.R.E. 403 and 404(b)?

2. Was the tender-years exception of Miss. R. Evid. 803(25) properly applied?

3. Whether the trial court wrongfully excluded defense evidence?

4. Was the verdict contrary to the weight of the evidence?

The Mississippi Supreme Court dismissed Green's application, holding:

> Petitioner alleges that evidence of his prior misconduct was improperly admitted; that the tender years exception of MRE 803(25) was improperly applied; that the trial court wrongfully excluded evidence offered by Petitioner; and that the verdict was contrary to the weight of the evidence. After due consideration, the panel finds that the Application for Leave to Proceed is barred by *res judicata*, as these issues were raised on direct appeal and found to be without merit. The panel further finds that, notwithstanding the procedural bar, Petitioner's application lacks sufficient merit to warrant an evidentiary hearing. The Application for Leave to Proceed in the Trial Court should be dismissed.

Exhibit B to the State's Response.

Green filed the instant petition for a writ of *habeas corpus*, raising the following grounds for relief (as stated by Green *pro se*):

Ground One: Whether the [trial] court wrongfully excluded defense evidence?

Whether the verdict contrary to the weight of the evidence?

Green did not, however, provide any argument in support of these allegations.

On April 16, 2013, the court ordered Green to show cause why his petition should not be

dismissed without prejudice, directing him to "file an amended petition, within the above time limits, setting forth in detail the facts to support the grounds set forth in the original petition." The court also noted that "the two grounds listed above should be set forth as two separate grounds, that is, as Ground One and Ground Two, and not combined in Ground One." *Id.* On May 17, 2013, Green filed a response to the court's order. However, with regard to his grounds for relief, Green simply stated "Issue No. 3 Whether the [trial] court wrongfully excluded defense evidence? The jury should have been allowed to hear this defense evidence," and set forth a standard for reviewing claims challenging the weight of the evidence. The court has thus separated Green's allegations:

> Ground One: Whether the trial court erroneously excluded defense evidence?
>
> Ground Two: Whether the verdict was against the overwhelming weight of the evidence?

The court will discuss them separately below.

### The Doctrines of Procedural Default and Procedural Bar

Green's first ground for relief is barred from federal *habeas corpus* review under the doctrine of procedural bar. If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir.2012). Thus, a federal court may not consider a *habeas corpus* claim when, " (1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state

judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, —— U.S. ——, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*. To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106,

108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

In Ground One, Green argues that the trial court erred in excluding certain evidence during its case-in-chief. Though Green did not make any argument in support of this claim or identify the evidence to which he refers, he did raise a claim on direct appeal that the trial court had erroneously excluded certain testimony by Green's son, Dakota, during the defense's case-in-chief. The court has liberally construed Green's *pro se* petition by interpreting Green's claim in Ground One to raise this argument.

At trial, Green's son Dakota testified that the victim had spoken with her friend about wanting to be out of the house. S.C.R., Vol. 3, pg. 233. The State objected to the testimony as hearsay, and the trial court sustained the objection. *Id.* at 234. On direct appeal, the Mississippi Supreme Court noted that the defense did not proffer Dakota's proposed testimony for the record. *Green*, 89 So.3d at 554. The Mississippi Supreme Court held that "'[w]hen testimony is not allowed at trial, a record of the proffered testimony must be made in order to preserve the point for appeal.' *Metcalf v. State*, 629 So.2d 558, 567 (Miss. 1993)(citations omitted). *See also* Miss. R. Evid. 103(a)(2)." *Id.* As such, the Mississippi Supreme Court found the claim to be procedurally barred.

The "failure to preserve an issue for appeal by failing to make a proper offer of proof constitutes an independent and adequate procedural bar. *Roberts v. Thaler*, 681 F.3d 597 (2012) (addressing Texas Rule of Evidence 103(a)(2), which also requires that a proffer be made). Green has not, however, raised and exhausted the claim that trial counsel was ineffective for failing to put make an offer of proof. As such, Green cannot rely on an allegation of ineffective assistance of counsel to

overcome the procedural bar applied to his petition. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587 (2000). Indeed, despite the court's invitation for him to do so, Green has offered no argument in support of his allegation in Ground One.

Further, Green will not suffer a fundamental miscarriage of justice if the court applies the bar, as he has not shown "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). He has not supported his allegations with new, reliable evidence that was not presented at trial or shown that "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). Green has offered no evidence or argument in support of his claim – and has not shown that a fundamental miscarriage of justice will result if his claims are not considered on the merits. In any event, as discussed below, the State introduced a mountain of evidence of Green's guilt, and there is almost no chance that the testimony by Green's young son could have overcome the State's case. For these reasons, Ground One is procedurally barred from federal *habeas corpus* review and will be dismissed.

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Ground Two on the merits and decided that issue against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an

> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Ground Two of the petitioner's claim.

Nevertheless, under § 2254(d)(2) this ground may still merit review if the facts to which

the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

In Ground Two, Green challenges the weight of the evidence. However, "[a] federal *habeas* court has no power to grant *habeas* relief because it finds that the state conviction is against the 'weight' of the evidence," which is for the jury to decide. *Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123, 106 S.Ct. 1991, 90 L.Ed.2d 672 (1986). The weight of the evidence is decided by the trial jury and – if found to be inadequate – the remedy is a new trial. In contrast, however, the *sufficiency* of the evidence may be considered by a federal court on *habeas corpus* review, but only where the evidence, viewed in the light most favorable to the prosecution is such that no rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307 (1979). The sufficiency of evidence is challenged by a directed verdict or a judgment *non obstante veredicto* ("jnov") and, if granted, results in the dismissal of the case. Though in this case, Green appears to be challenging the *weight* of the evidence, the court will also construe this claim as a challenge to the sufficiency of the evidence. *See Haines v. Kerner*, 404 U.S. 519 (1972) (court must construe *pro se* pleadings liberally).

 A federal court may not substitute its own judgment regarding the credibility of the witnesses for that of the state courts. *Marler v. Blackburn*, 777 F.2d 1007, 1012 (5th Cir. 1985); *Dunn v. Maggio*, 712

F.2d 998, 1001 (5th Cir. 1983). In considering Green's challenge to the weight of the evidence on appeal, the state court held:

> Through the trial testimony of D.W.; her in-court identification of Green as the perpetrator; the audio-visual recording of the forensic interview with D.W.; the testimony of Floyd, the forensic interviewer; and the Rule 404(b) testimony of M.S., K.M.H., A.R., and P.B., the jury was presented with overwhelming evidence of Green's guilt.[1]  As the learned circuit judge observed at sentencing, "this is a very sound verdict, very well supported by the evidence in this case, ... and *there is no realistic question about [Green's] guilt in this case*." (Emphasis added.)  Because the jury verdict was not against the overwhelming weight of the evidence, the circuit court did not abuse its discretion in denying Green's motion for a new trial. Accordingly, this issue is without merit.

*Green*, 89 So.3d at 554.  There is no reasonable argument that the jury's verdict was against the overwhelming weight of the evidence.  Further, as set forth above, Green's challenge to the weight of the evidence is not a proper subject for federal *habeas corpus* review.

To the extent that Green argues that the evidence was insufficient to support the verdict, the court finds otherwise.  Green was convicted of two counts of sexual battery and two counts of touching a child for lustful purposes.  In Mississippi, the elements of sexual battery are: feloniously engaging in sexual penetration with a child under the age of fourteen years, while being more than 24 months older than the child.  Miss. Code Ann. § 97-3-95(d).  Mississippi defines the crime of touching a child for lustful purposes as:

> Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child younger than himself or herself and under the age of eighteen (18) years who is not such person's spouse, with or without the child's consent, when the person occupies a position of trust or authority over the child shall be guilty of a felony and, upon conviction thereof, shall be fined in a sum not less than One Thousand Dollars ($1,000.00) nor more than Five Thousand Dollars ($5,000.00), or be committed to the

---

[1] The Mississippi Supreme Court aptly summarized the evidence in its discussion of the facts of this case. *Green*, 89 So.3d at 546-548.

> custody of the State Department of Corrections not less than two (2) years nor more than fifteen (15) years, or be punished by both such fine and imprisonment, at the discretion of the court. A person in a position of trust or authority over a child includes without limitation a child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.

Miss. Code Ann. § 97-5-23(2).

As the Mississippi Supreme Court discussed in its summary, the evidence against Green was overwhelming, especially the Miss. R. Ev. 404(b) testimony of M.S., K.M.H., A.R., and P.B – four of Green's prior victims. Rule 404(b) generally prohibits testimony of prior bad acts or crimes, but, under Mississippi law, such testimony may be introduced, especially in cases of sexual misconduct, to show plan, scheme, lack of mistake or accident, etc. \*\*\*. At trial, each victim testified that Green had sexually assaulted her in a strikingly similar fashion to the way his current victim, D.W., described. At the time of trial, the victims varied a great deal in age, and they had come into contact with Green over the course of his life. He had assaulted each victim, however, when she was a young girl near puberty. He often abused the victim in her home, but occasionally would take her to a remote location. He usually penetrated his victims digitally, but occasionally attempted to have intercourse. He often threatened to harm the victim or her family members if she told anyone. On one occasion, he gave his victim a puppy to buy her silence. Several of the victims had tried to get help, but neither family members nor authorities believed them. This problem was amplified because – as is true of many child sexual abuse cases – young victims are frightened and confused – and do not make credible witnesses. According to the testimony of his victims, Green's sexual exploitation of young girls (who ranged in age from 8 to 17) spanned thirty years. It appears that D.W. was the most recent victim of many. The State also put on witnesses who, by virtue of their positions, simply had no discernable bias: a teacher, a nurse, a DHS worker, and a police officer. D.W. herself testified, as did four of

Green's previous victims. In addition, the jury viewed the video recording of the forensic interview of D.W., who described multiple instances of both sexual battery and touching a child for lustful purposes. Clearly, the evidence presented at trial was sufficient to support the jury's verdict, and the instant ground for relief is without substantive merit.

## Conclusion

For the reasons set forth above, Ground one of the instant petition for a writ of *habeas corpus* will be dismissed under the doctrine of procedural bar. In addition, Green's claim that the evidence was insufficient to support the verdict will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22nd day of April, 2015.

> */s/ Neal Biggers*
> NEAL B. BIGGERS
> SENIOR U. S. DISTRICT JUDGE